09-1557-cv
Kovens v. Paul

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-first day of December, two thousand and nine.

PRESENT:

>
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MICHAEL L. KOVENS,

   *Plaintiff-Appellant,*

   -v.-                                                      No. 09-1557-cv

BRUCE H. PAUL,

   *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                    DALE A. COOTER, Cooter,
                                                Mangold, Deckelbaum & Karas,
                                                LLP, Washington, D.C.

**FOR DEFENDANT-APPELLEE:** JON PAUL ROBBINS, McLaughlin & Stern, LLP, New York, NY.

Appeal from a March 23, 2009 judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Michael Kovens ("plaintiff" or "Kovens") appeals from the District Court's judgment entered on March 23, 2009 and order dated March 4, 2009 awarding zero damages to Kovens after a jury found for plaintiff on the issue of liability in his breach-of-contract suit against defendant-appellee Bruce Paul ("Paul"). The jury answered three special interrogatories in the affirmative, finding that (1) Kovens and Paul entered into a contract for Paul to sell Kovens 171,000 shares in Universal Security Instruments; (2) Paul agreed to assist Kovens in calling a special shareholders' meeting and to complete the stock sale after that meeting; and (3) Paul breached both of these agreements.

The District Court ruled on the issue of damages, finding that Kovens was owed zero expectation damages under either New York or Maryland law. Kovens argued before the District Court and maintains on appeal that there is a conflict between Maryland and New York law which should be resolved in favor of Maryland law. Kovens also argues that Maryland law would permit a stock valuation to be informed by the actual performance of the stock over time, allowing him to receive the gains of the agreement.

In a careful opinion, the District Court addressed each of these arguments, finding that: (1) New York and Maryland law require the same measure of damages, so there is no conflict to be resolved; (2) if there was a conflict between New York and Maryland law, New York law would apply based on the inapplicability of the internal-affairs doctrine and contacts of these parties and their conflict to the state of New York; and (3) under both New York and Maryland law, damages are measured by the difference between the contract price and the fair market value of the shares at the time of breach. In this case, Kovens introduced no evidence with respect to the fair market value of the shares at the time of breach. Under the circumstances, the best indicator of the shares' market value at the time of breach is the contract price, and therefore Kovens is owed zero damages.

After considering each of the arguments on appeal, we affirm the District Court's conclusions as to the issues of damages substantially for the reasons in its order and opinion of March 4, 2009. *See Kovens v. Paul*, No. 04-cv-2238, 2009 WL 562280 (S.D.N.Y. 2009).

## **CONCLUSION**

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____